## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STACY L. W.,** [1] | |
| **Plaintiff,** | |
| v. | **Case No. 23-CV-01920-SPM** |
| **COMISSIONER of SOCIAL SECURITY,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying his application for Title XVI Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1382.[2]

### PROCEDURAL HISTORY

Plaintiff applied for benefits on June 3, 2020, alleging disability beginning July 1, 2018. (Tr. 158, 161). After holding an evidentiary hearing, the Administrative Law Judge (ALJ) denied the application on October 7, 2022 (Tr. 15-24). The Appeals Council denied review, and the decision of the ALJ became the final agency decision.

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The statutes and regulations pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

(Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following points:

1.  The ALJ's physical residual functional capacity (RFC) assessment did not comport with SSR 96-8p in that the ALJ ignored a limitation without explanation.

2.  The ALJ did not include Plaintiff's diagnoses of bilateral knee osteoarthitis and left ankle arthritis as a severe impairments at Step 2.

## APPLICABLE LEGAL STANDARDS

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id*. The

plaintiff bears the burden of proof at steps 1–4. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that plaintiff had not worked at the level of substantial gainful activity since the alleged onset date. (Tr. 17). The ALJ found that plaintiff had the severe impairments of stents in legs and morbid obesity. (*Id.*).

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, but limited in that she could occasionally bend and stoop and could never kneel, crouch, or crawl. (Tr. 19). The ALJ also determined Plaintiff could only lift and/or carry 10 pounds occasionally and lift and/or carry less than 10 pounds frequently. (*Id.*). Plaintiff could sit for 6 hours, in 2-hour increments and stand for 2 hours, 30 minutes at a time. (*Id.*). Based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff was unable to do his past relevant work, while also making an alternative finding that she was able to do other jobs at the sedentary exertional level which exist in significant numbers in the national economy. (Tr. 22).

THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

ANALYSIS

Plaintiff claimed she suffered from physical ailments that prevent her from being able to perform even sedentary work with very restrictive limitations.

This Court reviews the Commissioner's decision to ensure that it is supported by substantial evidence and that no mistakes of law were made. However, the scope is limited and review is deferential. The record indicates that the ALJ's findings were supported by substantial evidence, and he did not commit any errors of law.

## I.    RFC

Plaintiff argued that the ALJ failed to explain why he omitted the limitation regarding Plaintiff's need to elevate her legs due to swelling in his RFC finding.

SSR 98-6p requires that the RFC assessment include a narrative discussion describing how the evidence supports each conclusion. *See* SSR 96-8p, at *7. When crafting this discussion, the ALJ "must not substitute his own judgment for a physician's opinion without relying on medical evidence or authority in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011). It is important to note, however, that ALJs are not required to base the RFC on a medical opinion. *See Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is a matter for the ALJ alone — not a treating or examining doctor — to decide."); *Fanta v. Saul*, 848 F. App'x 655, 658 (7th Cir. 2021) (similar); 20 C.F.R. § 404.1546(c) ("the administrative law judge . . . is responsible for assessing your residual functional capacity"). Additionally, it is the plaintiff's burden to submit evidence proving her RFC at Step Four. *See Schmidt v. Astrue,* 496 F.3d 833, 841 (7th Cir. 2007); *Luster v. Astrue,* 358 F. App'x 738, 741 (7th Cir. 2010); *Allen v. Sullivan,* 977 F.2d 385, 387–88 (7th Cir. 1992).

Here, the ALJ acknowledged that Plaintiff testified that she continued to have swelling in her legs and relieved the swelling by sitting and elevating her feet several

times a day for an extended period (Tr. 20). But the ALJ also noted later in his narrative that despite this, in September 2020 Plaintiff informed her doctor that she was staying active and performing her activities of daily living with short breaks. (Tr. 20, 402). The Court also notes that psychiatry clinic reports that Plaintiff's counsel supplemented for the record from 2021 to 2022 indicated that Plaintiff had good exercise habits and appeared active. (Tr. 549, 551, 556, 558, 564, 568, 574, 579).

The ALJ did not omit the limitation completely from his RFC as Plaintiff contends, he weighed the evidence differently and simply explained through the medical record that the Plaintiff was active despite the limitation and could perform work at the sedentary level. As a result, Plaintiff cannot overcome the substantial evidence standard, under which a Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination." *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022).

Furthermore, while Plaintiff claimed that there was "significant" evidence that Plaintiff needed to elevate her legs, she pointed to only one medical note toting this activity as effective for her edema. (Doc. 14-1, p. 5). The Court could not find any additional recommendations to elevate.

## II.   Severe Impairments at Step 2

Plaintiff argues that the ALJ failed to classify her bilateral knee osteoarthritis and left ankle arthritis as severe impairments at Step 2. A failure to designate a particular impairment as "severe" at step 2 does not matter to the outcome of the case as long as the ALJ finds that the claimant has at least one severe impairment. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012), citing *Castile v. Astrue*, 617 F.3d 923, 927-

928 (7th Cir. 2010). What is more, the ALJ's opinion contains discussion of Plaintiff's osteoarthritis in her knee and decreased range of motion in her left ankle, along with related examination findings. The opinion is also littered with references to treatment notes about Plaintiff's complaints of pain and the effective treatments related to that pain. The ALJ explicitly considered Plaintiff's pain and decreased range of motion in combination with her other impairments and pointed to substantial evidence supporting his conclusion that Plaintiff has the RFC to do a range of sedentary work (with limitations).

CONCLUSION

After careful review of the record, the Court is convinced that the ALJ committed no reversable errors of law, and that her findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability benefits is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED:  July 12, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
